JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Zachary Koenig

### DEFENDANTS
LexisNexis Risk Solutions FL, Inc.

**(b)** County of Residence of First Listed Plaintiff   Montgomery County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Palm Beach County, FL
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Vicki Piontek, Esquire
Piontek Law Offices
951 Allentown Rd, Lansdale, PA 19446

Attorneys *(If Known)*
Sharon F. McKee, Esquire
Hangley Aronchick Segal Pudlin & Schiller,
One Logan Sq., 27th Fl., Philadelphia, PA 19103  T: 215-568-6200

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. Section 1681
Brief description of cause:
Alleged Violations of 15 U.S.C. Section 1681

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
153,401.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  1/24/14

SIGNATURE OF ATTORNEY OF RECORD  *Sharon F. McKee*

### FOR OFFICE USE ONLY
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA - DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____123 North Cannon Avenue, Lansdale, PA 19454_____

Address of Defendant (LexisNexis Risk & Information Analytics Group, Inc.): is now known as LexisNexis Risk Solutions FL Inc. (see below)

Address of Defendant (LexisNexis Risk Solutions FL Inc.): _____6601 Park of Commerce Boulevard, Boca Raton, FL  33487_____

Place of Accident, Incident or Transaction: _____Pennsylvania_____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a non-governmental corporate party with any parent corporation and any publicly held corporation owning 10% or more if its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes ☒     No ☐

Does this case involve multi-district litigation possibilities?     Yes ☐     No ☒

*RELATED CASE IF ANY*

Case Number:_____     Judge _____     Date Terminated:_____

Civil cases are deemed related when yes is answered to any of the following questions:

1.    Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
      Yes ☐     No ☒

2.    Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
      Yes ☐     No ☒

3.    Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
      Yes ☐     No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1.    ☐    Indemnity Contract, Marine Contract, and All Other Contracts
2.    ☐    FELA
3.    ☐    Jones Act - Personal Injury
4.    ☐    Antitrust
5.    ☐    Patent
6.    ☐    Labor - Management Relations
7.    ☐    Civil Rights
8.    ☐    Habeas Corpus
9.    ☐    Securities Act(s) Cases
10.   ☐    Social Security Review Cases
11.   ☒    All other Federal Question Cases
            (Please specify) FCRA, 15 USC § 1681, et seq.

B. *Diversity Jurisdiction Cases*:

1.    ☐    Insurance Contract and Other Contracts
2.    ☐    Airplane Personal Injury
3.    ☐    Assault, Defamation
4.    ☐    Marine Personal Injury
5.    ☐    Motor Vehicle Personal Injury
6.    ☐    Other Personal Injury (Please specify)
7.    ☐    Products Liability
8.    ☐    Products Liability - Asbestos
9.    ☐    All other Diversity Cases
            (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate category)*

I, _____Sharon F. McKee_____, counsel of record do hereby certify:

☒    Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case *are alleged to exceed the sum of $150,000 exclusive of interest and cost;*

☐    Relief other than monetary damages is sought

DATE: 1/24/14          _____          81499
                       Attorney-at-Law            Attorney I.D. #

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/24/14          _____          81499
                       Attorney-at-Law            Attorney I.D. #

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

ZACHARY KOENIG                                    :
                                                  :
        v.                                        :      No.:
                                                  :
LEXISNEXIS RISK AND INFORMATION                   :
ANALYTICS GROUP, INC.,                            :
LEXISNEXIS RISK SOLUTIONS FL INC.,  and           :
X,Y, Z CORPORATIONS                               :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See §1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)    Habeas Corpus - Cases brought under 28 U.S.C. §2241
       through §2255.                                              (        )

(b)    Social Security - Cases requesting review of a decision
       of the Secretary of Health and Human Services denying
       plaintiff Social Security Benefits.                         (        )

(c)    Arbitration - Cases required to be designated for
       arbitration under Local Civil Rule 53.2.                    (        )

(d)    Asbestos - Cases involving claims for personal injury
       or property damage from exposure to asbestos.              (        )

(e)    Special Management - Cases that do not fall into
       tracks (a) through (d) that are commonly referred to
       as complex and that need special or intense management
       by the court.  (See reverse side of this form for a detailed
       explanation of special management cases.)                   (        )

(f)    Standard Management - Cases that do not fall into any
       one of the other tracks.                                    (   x    )

January 24, 2014        _Jean J. McKee_              LexisNexis Risk Solutions FL Inc.
_____         _____         _____
Date                    Attorney-at-Law              Attorney for

215-568-6200            215-568-0300                 sfm@hangley.com
_____         _____         _____
Telephone               FAX Number                   E-Mail Address

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02(e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may requires special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class act ions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY KOENIG | : |
| 123 North Cannon Avenue | : CIVIL ACTION NO.: |
| Lansdale, PA 19454, | : |
|              Plaintiff, | : |
| | : |
|         v. | : |
| | : |
| LEXISNEXIS RISK AND INFORMATION | : |
| ANALYTICS GROUP, INC. | : |
| 1000 Alderman Drive | : |
| Alpharetta, Fulton County, GA 30005, | : |
|           and | : |
| LEXISNEXIS RISK SOLUTIONS FL, INC. | : |
| 6601 Park of Commerce Boulevard | : |
| Boca Raton, FL 33487 | : |
|           and | : |
| X,Y, Z CORPORATIONS, | : |
|           Defendants. | |

### NOTICE OF REMOVAL

**TO:   UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and Federal Rule of Civil Procedure 81(c), Defendant LexisNexis Risk Solutions FL, Inc. (f/n/a LexisNexis Risk and Information Analytics Group, Inc.) ("LNRSFL") hereby files this Notice of Removal of Case No. 2013-22401, from the Court of Common Pleas of Montgomery County in which it was filed, to the United States District Court for the Eastern District of Pennsylvania. In support of this Notice of Removal, LNRSFL avers as follows:

### I.   Background

1.   On July 18, 2013, Plaintiff Zachary Koenig ("Plaintiff" or "Koenig") initiated this action by filing a Writ of Summons in the Court of Common Pleas of Montgomery County. A copy of the docket is attached hereto as Exhibit A.

2.      Koenig did not serve the Writ of Summons on any defendant. *See* Ex. A.

3.      The docket reflects that a Complaint was filed on December 17, 2013.  A copy of the Complaint is attached hereto as Exhibit B.

4.      The Complaint purports to name LexisNexis Risk and Information Analytics Group, Inc. and LNRSFL as defendants.  LexisNexis Risk and Information Analytics Group, Inc. and LNRSFL are the same company with the new name, LNRSFL, being in place since 2010.

5.      The Complaint seeks judgment and alleges violations under 15 U.S.C. § 1681 et seq.

6.      LNRSFL received a copy of the Complaint on December 26, 2013.

7.      The docket does not reflect service of the Complaint upon any defendant. *See* Ex. A.

## II.    LNRSFL Has Satisfied the Procedural Requirements for Removal

8.      This Notice is timely under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a)(1).

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

10.     No previous application has been made for the relief requested herein.

11.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk's office for the Court of Common Pleas of Montgomery County, Pennsylvania.

## III.    This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1331

12.     This Court has subject matter jurisdiction over this case because Plaintiff alleges violations of the Fair Credit Reporting Act and the Fair and Accurate Credit Transaction Act, 15 U.S.C. §1681 et seq., which arise under federal law.

13.     This Court has jurisdiction over all civil actions "arising under the Constitution, laws and treaties of the United States" pursuant to 28 U.S.C. § 1331.

14.     Accordingly, this case is properly removable under 28 U.S.C. § 1331.

15.     By filing this Notice, LNRSFL does not waive its right to raise any objection, and specifically reserves its right to assert any defenses and/or objections it is entitled to make.

**WHEREFORE,** Defendant LexisNexis Risk Solutions FL Inc. gives notice that the above action now pending in the Court of Common Pleas of Montgomery County is being removed to this Court.

**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**

Dated:  January 24, 2014

By: _/s/ Sharon F. McKee_____
Sharon F. McKee (Pa. I.D. No. 81499)
Bonnie M. Hoffman (Pa. I.D. No. 201140)
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568-6200 (telephone)
E-mail:     smckee@hangley.com
            bhoffman@hangley.com

*Attorneys for Defendant,*
*LexisNexis Risk Solutions FL Inc.*

## CERTIFICATE OF SERVICE

I, Sharon F. McKee, certify that on January 24, 2014, a copy of the foregoing Notice of

Removal was served via Federal Express upon the following:

> Vicki Piontek, Esquire
> Piontek Law Offices
> 951 Allentown Road
> Lansdale, PA  19446
>
> *Attorney for Plaintiff*

/s/ Sharon F. McKee
Sharon F. McKee

# EXHIBIT A

Back to Search  >  Case #2013-22401

⊟ **Case Details**

| Case Number | 2013-22401 |
|---|---|
| Commencement Date | 7/18/2013 |
| Case Type | Summons Civil Action |
| PFA Number | |
| Caption Plaintiff | KOENIG, ZACHARY |
| Caption Defendant | LEXISNEXIS RISK AND INFORMATION ANALYTICS GROUP INC |
| Lis Pendens Indicator | No |
| Status | 2 - OPEN |
| Judge | MOORE |
| Remarks | |
| Sealed | No |
| Interpreter Needed | |

Docket Date Range:   Docket Entries

⊟ **Plaintiffs**

| Name | Address | Country | Counsel | Notify | Sequence |
|---|---|---|---|---|---|
| KOENIG, ZACHARY | 123 NORTH CANNON AVENUE LANSDALE, PA 19454 UNITED STATES | UNITED STATES | PIONTEK, VICKI | Yes | 1 |

⊟ **Defendants**

| Name | Address | Country | Counsel | Notify | Sequence |
|---|---|---|---|---|---|
| LEXISNEXIS RISK AND INFORMATION ANALYTICS GROUP INC | 1000 ALDERMAN DRIVE ALPHARETTA, FULTON COUNTY, GA 30005 UNITED STATES | UNITED STATES | | Yes | 1 |
| LEXISNEXIS RISK SOLUTIONS FL INC | 6601 PARK OF COMMERCE BOULEVARD BOCA RATON, FL 33487 UNITED STATES | UNITED STATES | | Yes | 2 |

⊟ **Garnishees**

⊟ **Other Party Types**

⊟ **Dockets**

| Seq. | Filing Date | Docket Type | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 0 | 7/18/2013 | Summons Civil Action | | No | 9378127 |
| 1 | 7/18/2013 | Attorney To Proceed In Forma Pauperis | | No | 9378128 |
| 2 | 12/17/2013 | Complaint In | | No | 9560646 |

⊟ **Judgments**

⊟ **Parcel Numbers**

⊟ **Archive Locations**

⊟ **Linked Cases**

Copyright © 2008-2014 Paperless Solutions, Inc. All rights reserved.

# EXHIBIT B

Q26

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
Civil Action-Law

| | |
|---|---|
| Zachary Koenig<br>123 North Cannon Ave<br>Lansdale, PA 19454,<br><br>        Plaintiff<br><br>v.<br>LexisNexis Risk and Information Analytics Group, Inc.<br>1000 Alderman Drive,<br>Alpharetta, Fulton County, Georgia 30005<br>and<br>LexisNexis Risk Solutions FL Inc.<br>6601 Park of Commerce Boulevard<br>Boca Raton, Florida 33487<br>and<br>X,Y,Z Corporations,<br><br>        Defendant(s) | 2013-22401<br><br><br>Jury Trial Demanded |

2013-22401-0002                          FilingID:        9560646
                              12/17/2013 12:16:49 PM
                              Complaint in
Receipt # Z1996205      Fee     $0.00
Mark Levy - MontCo Prothonotary

## NOTICE

    You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice to you for any money claimed in the Complaint or for any other claim or relief requested by Plaintiff(s). You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERENCE SERVICE
MONTGOMERY COUNTY BAR ASSOCATION
100 West Airy Street (REAR), NORRISTOWN, PA 19401
(610) 279-9660, EXTENSION 201

Montgomery County Legal Aid Services
625 Swede Street, Norristown, PA 19401
610-275-5400

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
Civil Action-Law

| | | |
|---|---|---|
| Zachary Koenig<br>123 North Cannon Ave<br>Lansdale, PA 19454, | : | |
| Plaintiff | : | 2013-22401 |
| v. | : | |
| LexisNexis Risk and Information Analytics Group, Inc.<br>1000 Alderman Drive,<br>Alpharetta, Fulton County, Georgia 30005<br>and | : | Jury Trial Demanded |
| LexisNexis Risk Solutions FL Inc.<br>6601 Park of Commerce Boulevard<br>Boca Raton, Florida 33487<br>and | : | |
| X,Y,Z Corporations, | : | |
| Defendant(s) | : | |

# **COMPLAINT**

## **INTRODUCTION**

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s')

   alleged violations of the Fair Credit Reporting Act (FCRA), and the Fair and Accurate

   Credit Transaction Act (FACTA), 15 U.S.C. 1681, et seq.

## JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3. Venue is proper in this District because Defendant(s) regularly do(es) business in this jurisdiction and avails itself of the benefits of the market in this jurisdiction.

4. Plaintiff resides in this jurisdiction.

5. A substantial portion of the transaction(s), occurrence(s) act(s) and / or omission(s) complained of in this action took place in or near this jurisdiction.

6. Key witnesses are located at or near this jurisdiction.

7. Similarly situated consumers reside in this jurisdiction.

## PARTIES

8. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

9. Plaintiff is Zachary Koenig, an adult individual with a mailing address of 123 North Cannon Avenue, Lansdale, PA 19446.

10. Defendant(s) is/are the following business entities.

   a. LexisNexis Risk & Information Analytics Group, Inc., a corporation with a principle place of business address of 1000 Alderman Drive, Alpharetta, Georgia 30005.

   b. LexisNexis Risk Solutions FL Inc., a Minnesota corporation having its principal place of business at 6601 Park of Commerce Boulevard, Boca Raton, Florida 33487.

   c. X,Y,Z Corporations, business identities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

11. At all times mentioned in this Complaint Defendants acted jointly and in concert.

12. At various times in this Complaint, Defendants may be referred to as LexisNexis.

**COUNT ONE: Violation of the Fair Credit Reporting Act and the Fair and
Accurate Credit Transactions Act, 15 USC 1681 et. seq.**
Failure to Include Required Notices with Plaintiff's Consumer Report

13. The previous paragraphs of this complaint are incorporated by reference and made a part

of this complaint.

14. At all times mentioned in this Complaint Defendants LexisNexis Risk & Information

Analytics Group, Inc. LexisNexis Risk Solutions FL Inc., acted jointly, collectively and in

concert under the brand name LexisNexis to commit the acts and omissions described in

this Complaint.

15. For purposes of this action the term "Lexis" or "LexisNexis" shall refer to one of the

Defendant acting individually, or more than one Defendant acting collectively.

16. For purposes of this action, if any one or more of the named Defendants is found not to

be acting jointly and in concert with the other Defendants, it is believed and averred that

the remaining Defendants were still acting jointly and in concert with the other

Defendants to cause the acts or omissions described in this Complaint.

17. At all times mentioned in this Complaint Defendants LexisNexis Risk & Information

Analytics Group, Inc. and LexisNexis Risk Solutions FL Inc., are jointly and severally

liable for the acts and omissions of one another described in this Complaint.

18. For purposes of this action, if any one or more of the named Defendants is found not to
be jointly and severally liable for the acts or omissions of the other Defendants, it is
believed and averred that the remaining Defendants are still jointly and severally liable
for the acts or omissions described in this Complaint.

19. At all times mentioned in this Complaint Defendants LexisNexis Risk & Information
Analytics Group, Inc. and LexisNexis Risk Solutions FL Inc., Reed Elsevier, Inc. operated
collectively as a single business unit under the brand LexisNexis as a "consumer
reporting agency" as defined by the Fair Credit Reporting Act, 15 USC 1681 et. seq.

20. For purposes of this action if any one or more of the Defendants is found not to have
operated collectively as a single business unit under the brand LexisNexis as a "consumer
reporting agency," it is believed and averred that the other Defendants did operate
collectively as a single business unit under the brand LexisNexis as a "consumer
reporting agency" defined by FCRA, 15 USC 1681 et. seq.

21. For purposes of this action the term "LexisNexis" shall refer to one of the Defendants
acting individually, or two or more of the Defendants acting collectively.

22. All previous paragraphs of this complaint are incorporated by reference and made a part
of this complaint.

23. At all times mentioned in this Complaint Defendants LexisNexis Risk & Information
Analytics Group, Inc. and LexisNexis Risk Solutions FL Inc. were "consumer reporting
agencies" as defined by the 15 USC 1681, the Fair Credit Reporting Act.  They were
regularly engaged in the business of assembling, evaluating, and disbursing information
concerning consumers for the purpose of furnishing consumer reports to third parties.

24. For purposes of this action, if any one or more of the named Defendants is found by the
Court not to be a consumer reporting agency as defined by the Fair Credit Reporting Act,
15 USC 1681 et. seq. , it is believed and averred that the remaining Defendants is / are
still a consumer reporting agency as defined by FCRA.

25. At all times mentioned in this Complaint, Defendants acted collectively to sell nationally,
among other things, Accurint branded reports to debt collectors, credit insurers and
entities involved in the debt collection industry generally, to assist with the collection of
delinquent credit accounts, and the location of debtors and debtors' assets. Defendants
also sell reports to employers for pre-employment and residential screening.

26. An Accurint report contains vast amounts of information about an individual consumer
that Defendants have assembled and compiled, including information about where the
consumer resides, the consumer's age, social security number, date of birth, employer and
employment history, economic profile data regarding the consumer's home and
neighboring properties, whether the consumer has filed for bankruptcy, has any liens or
judgments, public records, UCC filings, professional licenses, accident history,
recreational permits, and general information about the consumer's assets and property.

27. As represented by Defendants, Accurint reports are an extremely useful tool for debt collectors in terms of increasing collection recovery rates and the Defendants aggressively market them to debt collectors.

28. Some of the data contained in the Accurint reports is regularly used by debt collectors to collect consumer debts from consumers throughout the Country.

29. Some of the data that Defendants sell through Accurint reports derives from data that Defendants have purchased from other consumer reporting agencies and which it resells through an Accurint report.

30. At all times mentioned in this Complaint, by regularly selling such reports for a fee with the anticipated or expected use of such reports by the entities referenced above, Defendants operated as "consumer reporting agencies" ("CRAs"), consumer reporting agencies "that compile[ s] and maintain [ s] files on consumers on a nationwide basis," as defined by 15 USC 1681a et. seq, 15USC 1681 b et. seq.

31. Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer report information by CRAs.

32. Despite the fact that Defendants assemble and compile consumer information for sale in the form of Accurint reports to debt collectors, employers, and credit insurers on a nationwide basis, do not provide consumers with summaries of their rights under the FCRA as required by 15 USC 1681 g (c)(2).

33. Instead of providing consumers with the required summary of rights under 15 USC 1681 g (c)(2), LexisNexis willfully violates the FCRA by misrepresenting to consumers that is not a consumer reporting agency as defied by FCRA, 15 USC 1681 et. seq.

34. LexisNexis's practices not only violate the FCRA as a matter of law, it exacts serious consequences on consumers and interstate commerce.

35. Within the applicable statute of limitations prior to the commencement of this action, Plaintiff contacted Defendant(s) in writing and requested a copy of the information contained in Plaintiff's consumer report which was maintained by Defendant(s).

36. 15 USC 1681g (c)(2) imposes the following requirements on a consumer reporting

agency to include certain notices and disclosures on the individual's or consumer's report

when such report is provided by the consumer reporting agency to the consumer.

> **(2) Summary of rights required to be included with agency disclosures**
> A consumer reporting agency shall provide to a consumer, with each written disclosure by the agency to the consumer under this section—
> **(A)** the summary of rights prepared by the Commission under paragraph (1);
> **(B)** in the case of a consumer reporting agency described in section 1681a(p) of this title, a toll-free telephone number established by the agency, at which personnel are accessible to consumers during normal business hours;
> **(C)** a list of all Federal agencies responsible for enforcing any provision of this subchapter, and the address and any appropriate phone number of each such agency, in a form that will assist the consumer in selecting the appropriate agency;
> **(D)** a statement that the consumer may have additional rights under State law, and that the consumer may wish to contact a State or local consumer protection agency or a State attorney general (or the equivalent thereof) to learn of those rights; and
> **(E)** a statement that a consumer reporting agency is not required to remove accurate derogatory information from the file of a consumer, unless the information is outdated under section 1681c of this title or cannot be verified.

37.   Plaintiff requested Plaintiff's consumer report in writing from Defendant(s).

38. Defendant(s) sent Plaintiff a purported copy of Plaintiff's consumer report.

39. Defendant(s) did not include the above described required notice or disclosure with

Plaintiff's consumer report when Defendant(s) sent Plaintiff the consumer report.

40. Defendant(s) breached its / their duty under 15 USC 1681g (c)(2) to provide such notice

or disclosure to Plaintiff.

41. Instead of mailing Plaintiff a proper summary of rights required by 15 USC 1681 g (c)(2), Defendant(s) mailed Plaintiff a cover letter along with the purported copy of Plaintiff's consumer report.  The cover letter stated among other things that Defendant(s) LexisNexis was not a consumer reporting agency.

42. Defendant(s) statement that LexisNexis was not a consumer reporting agency was false and misleading and directly antithetical to the duties imposed on Defendant(s) under 15 USC 1681 g (c)(2).

**COUNT TWO: Violation of the Fair Credit Reporting Act and the Fair and Accurate Credit Transactions Act, 15 USC 1681 et. seq.**
**Failure to Redact Pertinent Portions of Plaintiff's Social Security Number**

43. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

44. At all times mentioned herein Plaintiff was a consumer as defined by 15 USC 1681.

45. At all times mentioned herein Plaintiff was a person as defined by 15 USC 1681a (c).

46. At all times mentioned herein Plaintiff was an individual as defined by 15 USC 1681a (c).

47. At all times mentioned in this Complaint, Defendant(s) maintained a "consumer report" on Plaintiff as defined by 15 USC 1681(a)(d), as follows:

48. At all times mentioned in this Complaint, Defendant(s) was a "consumer Reporting Agency" as defined by 15 USC 1681a(f).

49. Within the applicable statute of limitations prior to the commencement of this action, Plaintiff contacted Defendant(s) in writing and requested a copy of the information contained in Plaintiff's consumer report in which was maintained by Defendant(s).

50. Plaintiff requested that Defendant(s) redact the first five digits of Plaintiff's consumer report.

51. Pursuant to 15 USC 1681g (a)(1)(A), Defendant(s) was / were required to redact the first five digits of Plaintiff' Social Security Number because Plaintiff specifically requested Defendant(s) to do so at the time that Plaintiff requested the consumer report from Defendant(s).

52. Defendant(s) was/were required to redact Plaintiff's consumer report even though the consumer report was given directly to the consumer, and not intended to be accessed by any third party.

53. Said redaction requirement was part of the Fair and Accurate Credit Transaction Act (FACTA) of 2003.

54. The legislative purpose of such redaction requirement was to protect the consumer's privacy and Social Security Number from third parties and / or dumpster divers who might view the consumer's Social Security Number information on the consumer report.

55. Such legislative purpose is also exemplified in 15 USC 1681c (g), which was also part of the FACTA of 2003. 15 USC 1681c (g) requires merchants to redact all but the last 5 digits of a consumers' bank or credit card number on a receipt at the point of sale. Even the expiration date must be redacted. This is true even when such receipt is given directly to the consumer, and not intended to be accessed by any third party.

56. The purpose of 15 USC 1681c (g) was to protect consumers from unintended persons who may view or "dumpster dive" for the consumers' credit card or bank transaction receipts.

57. 15 USC 1681c (g) and 15 USC 1681g (a)(1)(A) have similar purposes in their redaction requirements to protect consumers' personal information from third parties who may view or obtain such consumers' personal account or Social Security information.

58. Pursuant to Plaintiff's aforementioned written request to obtain Plaintiff's consumer report, and for Defendant(s) to redact the first 5 digits of Plaintiff's Social Security number on Plaintiff's consumer report, Defendant(s) sent Plaintiff a copy of Plaintiff's consumer report. However, the report sent by Defendant(s) to Plaintiff contained the first 5 digits of Plaintiff's Social Security number, not redacted.

59. The consumer report that was sent by Defendant(s) to Plaintiff contained the first five digits of Plaintiff's Social Security Number, not redacted.

60. Defendant(s) breached its / their duty to Plaintiff under 15 USC 1681g (a)(1)(A) by failing to redact the first five digits of Plaintiff's Social Security Number on Plaintiff's consumer report after having been specifically requested in writing by Plaintiff to do so.

## LIABILITY AND DAMAGES

61. The previous paragraphs of this Complaint are incorporated by reference.

62. At all times mentioned in this Complaint, Defendant(s) acted jointly and collectively.

63. At all times mentioned in this Complaint, Defendant(s) operated under the brand name "LexisNexis."

64. Defendant(s) is/are liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant(s') agents were acting within the scope of their employment with Defendant(s).

65. In the alternative, Defendant(s) is/are liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant(s) and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

66. Any mistake made by Defendant(s) would have included a mistake of law.

67. Any mistake made by Defendant(s) would not have been a reasonable or bona fide mistake.

68. Defendant LexisNexis Risk & Information Analytics Group, Inc., has been sued regarding its sale of Accurint reports and failure to follow the FCRA's strictures in doing so in the case of *Adams, et al.* v. *LexisNexis Risk & Information Analytics Group, Inc., et al.,* No. I :08-cv-04708-RMB-KMW, United States District Court for the District of New Jersey.

69. In its May 12, 2010 opinion denying in part LexisNexis's Rule 12(c) Motion for Judgment on the Pleadings, the *Adams* court rejected LexisNexis's arguments the LexisNexis was not a consumer reporting agency. The Adams Court held that LexisNexis was a consumer reporting agency, and that Accurint reports were consumer reports as defined by FCRA, 15 USC 1681 et. seq.

70. Likewise, the *Adams* court rejected LexisNexis's argument that it could not have willfully violated the FCRA because it did not view Accurint reports as being governed by the FCRA. The court concluded that the plaintiff could prove a willful violation (assuming that the plaintiff also proves that the FCRA applies to LexisNexis) by proving "that Lexis either knowingly or recklessly adopted policies that contravened the FCRA."

71. The *Adams* case settled in August of 2010, after the court's opinion on the Rule 12( c) motion issued.

72. Defendant LexisNexis Risk & Information Analytics Group, Inc., has been sued regarding its sale of Accurint reports and failure to follow the FCRA's strictures in doing so in the case of *Berry, et al.* v. *LexisNexis Risk & Information Analytics Group, Inc., et al.,* docket number 11-cv-00754, United States District Court for the Eastern District of Virginia.

73. The *Berry* case settled preliminarily in March of 2013 for LexisNexis to pay $13.5 Million as a result of the suit.

74. Even after the LexisNexis Risk & Information Analytics Group, Inc. had been sued in the *Berry* case, Defendant(s) still continued the same pattern of FCRA violations that Defendant(s) were sued for in the Berry case, for months after the Berry case was filed and served on Defendant(s).  At least 12 other violations similar to the violations committed by Defendant(s) in this case have been document in Pennsylvania in the last 12 months.

75. Even after LexisNexis Risk & Information Analytics Group, Inc. preliminarily settled the *Berry* case, Defendant(s) still continued the same pattern of FCRA violations that Defendant(s) were sued for in the Berry case, similar to this case, for months after the Berry case was settled for $13.5 Million by Defendant(s).  Over 12 violations similar to the violation is Plaintiff's case have been documented in Pennsylvania after the Berry case.

76. Defendant(s)' failure to modify its practices and/or conform them to the FCRA post *Adams, and post Berry* is the results of a deliberate corporate decision to disregard the duties imposed on Defendant(s) under the Fair Credit Reporting Act, and the Fair and Accurate Credit Transaction Act, 15 USC 1681 et. seq.

77. Defendant(s) failure to modify its practices and/or conform them to the FCRA post *Adams, and post Berry* is the results of a deliberate corporate decision to disregard the findings of Federal Courts.

78. It is believed and averred that Defendant(s) act and omissions were not accidental, nor an oversight. Defendant(s) acts and omissions were willful, as evidenced by the following.

a.   The previously mentioned Adams case where Defendant(s) LexisNexis was found to be a consumer reporting agency as defined by FCRA and where the Accurint reports were found to be "consumer reports" as defined by FCRA.

b.   The previously mentioned Berry case where LexisNexis Risk & Information Analytics Group, Inc.'s violation of FCRA were clearly and unequivocally brought to the attention of Defendant(s).

c.   Defendant(s) continued violations of the FCRA in a similar manner to the violations alleged in the Berry case, well after the Berry case.  Over a dozen similarly situated consumers in Pennsylvania have been similarly affected.

d.   Defendant(s) acts and omissions were caused by Defendant(s)' lack of established business practices and procedures to conform to FCRA and Defendant(s)' blatant disregard for the fact that Defendant(s) was / were a consumer reporting agency, and the fact that the Accurint product was a consumer report as defined by FCRA.  Numerous other Similarly situated consumers in Pennsylvania were also deprived of their right to receive the proper notice to the consumer required by FDCR, and numerous other consumers received misleading communications by Defendant(s) that Defendant(s) was / were not a consumer reporting agency.

e.   Lack of established business practices and procedures to conform to FCRA, to include the proper notices to consumers.

f.   Lack of established business practices and procedures to conform to FCRA, to redact the Social Security numbers of consumers.

g.   Numerous other cases where Defendant(s) have continued to print consumers' Social Security numbers on consumer reports despite written requests by such consumers for Defendant(s) to not print such numbers.

79. Plaintiff believes and avers that Plaintiff is entitled to at least $1.00 actual damages for

Plaintiff, including but not limited to phone, fax, stationary, postage, etc.

80. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory damages for

Count One pursuant to 15 USC 1681 et. seq. due to the willful nature of the acts or

omissions described in this Complaint.

81. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory damages for

Count Two pursuant to 15 USC 1681 et. seq. due to the willful nature of the acts or

omissions described in this Complaint.

82. Plaintiff believes and avers that Defendant(s') conduct was willful, wanton, and

intentional, and therefore Plaintiff requests punitive damages.

83. Plaintiff requests punitive damages against Defendant(s) in the amount to be determined

by this Honorable Court.

84. For purposes of a default judgment, Plaintiff believes and avers that the amount of such

punitive damages should be no less than $150,000.00 because Defendant(s') actions were

willful.

# ATTORNEY FEES

85.     The previous paragraphs of this Complaint are incorporated by reference.

86.     Plaintiff believes and avers that Plaintiff is entitled to attorney fees pursuant to 15 USC 1681 et. seq. for prosecuting this action.

87.     Plaintiff believes and avers that such attorney fees amount to no less than $1,400.00 at a rate of $350.00 per hour, enumerated below.

|   |   |   |
|---|---|---|
| a. | Consultation with client / spouse and review of file, drafting letters | 1 |
| b. | Drafting, editing, review, filing and service of complaint and related documents | 1 |
| c. | Follow up contact with Defense | 2 |

4x $350 = $1,400.00

88. Plaintiff's attorney fees continue to accrue as the case move forward.

89. The above stated attorney fees are for prosecuting this matter and reasonable follow up.

## OTHER RELIEF

90. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

91. Plaintiff requests / demands a jury trial in this matter.

92. Plaintiff requests injunctive and declarative relief.

93. Plaintiff requests an order from this Honorable Court or other Court of competent jurisdiction directing Defendant(s) to comply with the aforementioned provisions of the FCRA.

94. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less

than $153,401.00 as enumerated below.

$1.00 more or less actual damages.

$1,000.00 statutory damages pursuant to 15 USC 1681 et. seq. for Count One

$1,000.00 statutory damages pursuant to 15 USC 1681 et. seq. for Count Two

$1,400.00 attorney fees

$150,000.00 punitive damages

---

$153,401.00

Plaintiff seeks such additional relief as the Court deems just and proper.

*Vicki Piontek*      **11-14-2013**
Vicki Piontek, Esquire      Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA 19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
Civil Action - Law

Zachary Koenig                                          :
123 North Cannon Ave                                    :
Lansdale, PA 19454                                      :
Vs.                        Plaintiff                    :
LexisNexis Risk and Information Analytics Group, Inc.   :
1000 Alderman Drive,                                    :
Alpharetta, Fulton County, Georgia 30005                :
and                                                     :          Jury Trial Demanded
LexisNexis Risk Solutions FL Inc.                       :
6601 Park of Commerce Boulevard                         :
Boca Raton, Florida 33487                               :
and                                                     :
X,Y,Z Corporations                                      :
                           Defendant(s)                 :

### VERIFICATION

I, Zachary Koenig, have read the attached complaint. The facts stated therein are true and
correct to the best of my knowledge, understanding, and belief.


_____     _11/4/13_____
Zachary Koenig                          Date

**Zachary Koenig**
**123 N Cannon Ave**
**Lansdale, PA 19446**
**(215) 872-7512**

LexisNexis' Risk Solutions FL Inc .
Accurint Consumer Inquiry Department
P.O. Box 105610
Atlanta, GA 30348-5610

## REQUEST FOR ACCURINT REPORT

RE:  **Zachary Koenig**          SSN:
     **Date of Birth 9/19/1973**

     I would like to request a copy of all information in my Accurint
consumer report.

     Enclosed please find a copy of my redacted Pennsylvania drivers license.

     **Please redact the first five digits of my Social Security Number on all
of my consumer report.    Please do not print the first five digits of my
Social Security number on my consumer report.**

     Thank you.

         Sincerely,

         Zachary Koenig     Date

Exhibit A



LexisNexis® Risk Solutions FL Inc.
Accurint Consumer Inquiry Department
P.O. Box 105610
Atlanta, GA 30348-5610

June 28, 2013

123 2 MB 0.405**************AUTO**MIXED AADC 300
||٠||٠||٠||٠||٠||٠||٠||٠||٠||٠||٠||٠||٠||٠||٠||٠||٠||٠||٠||٠||٠||
Zachary M Koenig                        Iray 003 peice 123
123 N Cannon Ave
Lansdale PA 19446-2118

Reference #: 46960

Dear Consumer:

We are sending this letter in response to the request you made for your Accurint Person Report.  This Person Report is a compilation of public record data and non-public information using innovative technology to link records about an individual together.  We have enclosed a copy of your Person Report as it exists today.  This report may not contain every piece of personally identifiable information we have in our databases relating to you. Please review each section carefully and contact LexisNexis if you have any questions concerning this information.

Kindly be advised that Accurint is **NOT** a Consumer Reporting Agency, and, as such, Accurint is not governed by the Fair Credit Reporting Act (15 U.S.C. § 1681, et seq.).  Accurint data is not permitted to be used to grant or deny credit, make employment decisions, or make tenant and housing screening decisions, or any other uses regulated by the Fair Credit Reporting Act.  Accurint purchases and resells data collected by outside companies, which cover public records and commercially available data sources, in full compliance with all applicable federal and state privacy laws.  We do not examine or verify our data, nor is it possible for our computers to correct or change data that is incorrect – Accurint can provide only the data that was provided to us.

Although Accurint is not a Consumer Reporting Agency, please be reassured that both Accurint, and your personal information contained in Accurint databases, are regulated by the federal government and are subject to the Gramm-Leach-Bliley Act (15 U.S.C. § 6801, et seq.) and the Federal Drivers Privacy Protection Act (18 U.S.C. § 2721, et seq.).  These laws regulate who may access private, non-public data and the purposes for which it may be accessed.  Accurint fully complies with these and all other applicable federal and state laws.

If you have any further questions, you may contact us by phone at (866) 491-0873. The Accurint Consumer Inquiry Department's hours of operation are Monday -- Friday from 8 AM to 7 PM Eastern Time.  To allow us to protect your privacy and deliver prompt service, please have your Reference Number (located below your name and address at the top of this page) accessible when you call our support number.

Thank you for allowing us to assist you.
*Accurint Consumer Inquiry Department*

Exhibit B                            CD255-04-10d